# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMES WILLIAMS,<br><br>  Plaintiff,<br><br>  v.<br><br>PA PHILIPS, DR. REYES, DR. SMITH and PA JEN AMBROSE,<br><br>  Defendants | 4:16-cv-05043-SAB<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION AND OTHER POST-JUDGMENT MOTIONS** |

By Order filed August 17, 2016, the Court denied Mr. Williams leave to proceed *in forma pauperis* in this action in which he had asserted the failure to provide him hernia surgery. The Court then dismissed the action for failure to pay the filing fee under 28 U.S.C. § 1914, ECF No. 12. Judgment was entered and the file was closed, ECF No. 13. Plaintiff did not timely appeal the disposition of this case.

On October 3, 2016, the Court began receiving via the U.S. Postal Service, Plaintiff's *pro se* "Motion to Reconsider and Appoint Counsel and Replace All Legal Documents This Court Has Sent Me Regarding This Lawsuit and Show

**ORDER DENYING MOTION FOR RECONSIDERATION AND OTHER POST-JUDGMENT MOTIONS -- 1**

Cause and Amend - Memorandum in Support of Motion," in two parts. ECF Nos. 14 and 16. Plaintiff then sought an extension of time for the hearing on this motion which was granted until January 10, 2017. ECF No. 25.

On December 19, 2016, Plaintiff submitted a Motion to Dismiss his Motion to Reconsider and Appointment of Counsel. ECF No. 26, in which he indicated his intent to withdraw his earlier request for reconsideration and to allow this case to remain dismissed. Then, on December 23, 2016, Plaintiff sought to withdraw that motion and reinstate his Motions for reconsideration and to appoint counsel, and sought additional time for a hearing.

Plaintiff avers that when he had filed the motion to dismiss this lawsuit, unidentified prison staff "erroneously thought that meant [he] could never refile it again and the threats became worse." ECF No. 28 at 2. Therefore, he wishes to continue with his Motion for Reconsideration.

## MOTION FOR RECONSIDERATION

In his two part Motion for Reconsideration, Plaintiff complains of actions of persons not named as Defendants to this case, many of which post-date the submission of his initial complaint to this Court on April 11, 2016. Plaintiff contends that within 24 to 48 hours of receiving Orders from Judge Bastian, unidentified persons took these Orders from Plaintiff and he was unable to use them as a guide to inform any motion he might have wished to prepare. He also complains that his four pairs of glasses were confiscated on or about May 11, 2016, rendering him unable to read. The two part Motion/memorandum appears to be a series of narratives written over many days. Counsel for the named Defendants has filed a response to the motion, ECF No. 20. The Court has reviewed Plaintiff's submissions, as well as the response, and is fully informed.

Plaintiff indicates that he received emergency hernia surgery on September 16, 2016, and was ill for the subsequent 13 days. ECF No. 14 at 3. Plaintiff details his post-operative condition. To the extent Plaintiff is asserting that his health

**ORDER DENYING MOTION FOR RECONSIDERATION AND OTHER POST-JUDGMENT MOTIONS -- 2**

prevented the timely filing of this Motion for Reconsideration, the Court has accepted and considered the Motion.

Once again, Plaintiff does not refute the Court's finding that he is precluded from proceeding without prepayment of the filing fee under 28 U.S.C. § 1915(g). He has also failed to present any facts to excuse the preclusive effects of this statutory provision at the time he submitted his complaint. *See Andrews v. Cervantes*, 493 F.3d 1047, 1055-56 (9th Cir. 2007) (discussing imminent danger exception to three-strikes rule).

Motions for reconsideration serve a limited function. "'[T]he major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Pyramid Lake Paiute Tribe v. Hodel*, 882 F.2d 364, 369 n.5 (9th Cir. 1989). Such motions are not the proper vehicle for offering evidence or theories of law that were available to the party at the time of the initial ruling. *Fay Corp. v. Bat Holdings I, Inc.*, 651 F. Supp. 307, 309 (W.D. Wash. 1987).

In the instant case, Plaintiff has not alleged that there has been an intervening change of controlling law. Likewise, he has not offered newly discovered evidence that would justify this Court taking a second look at the issue in question (i.e., his eligibility to proceed *in forma pauperis*). Rather, Plaintiff appears to recite his experiences in prior litigation, reiterate allegations from other lawsuits filed in 2016, and describe events which precede and post-date the submission of the complaint in this action.

Contrary to Plaintiff's assertions found at ECF No. 14 at 9 and 14-15, there was no Court Order in January 2016, directing him to submit an application to proceed *in forma pauperis*. Court records show that on February 24, 2016, the Court in cause number 4:16-cv-05003-SAB issued an Order directing Plaintiff to provide a copy of his statement of account for the six months preceding January 14, 2016, the date the complaint in that action was received. Plaintiff's deadline to

**ORDER DENYING MOTION FOR RECONSIDERATION AND OTHER POST-JUDGMENT MOTIONS -- 3**

comply with that Order was March 16, 2016.[1] When Plaintiff did not comply, his application to proceed *in forma pauperis* was denied and cause number 4:16-cv-05003-SAB was closed on March 25, 2016. Plaintiff does not state why he failed to challenge that decision. Regardless, what transpired in a separate action is not relevant to Plaintiff's request that the Court reconsider the dismissal of this action.

The only remaining question for this Court to consider is whether its own prior ruling should be altered to "correct a clear error or prevent manifest injustice." *Pyramid Lake*, 882 F.2d at 369 n.5. The Court finds no clear error or

---

[1] Plaintiff has alleged that during the first part of March, he was in the infirmary three times on suicide watch. ECF No. 16 at 4. He claims this was prompted by the actions of four Defendants he subsequently named in a civil action filed on May 13, 2016, 4:16-cv-05062-SAB. In that action, Plaintiff provided only general allegations of abuse and harassment over the preceding four months, but failed to specify what conduct constituted a threat, intimidation, assault, or abuse. See 4:16-cv-05062-SAB, Order to Show Cause issued June 13, 2016, ECF No. 5 at 3-4. In his "ground 17," Plaintiff now claims these four Defendants, plus an additional person, engaged in unspecified threats and "refuse[d] to feed [Plaintiff]." ECF No. 16 at 4. Plaintiff avers he was "denied food and water" every time he went to the infirmary. *Id.* He claims that on three occasions he was denied water all day for two or three days, but then admits he received "8 ounces of water a day." *Id.* He also claims "during one of those 3 days while in a regular cell at the infirmary I was denied all food and all water for 3 days straight." These allegations are unclear and appear self-contradictory. Regardless, they pre-date the submission of the complaint in this action by nearly a month and involve persons who were not identified as Defendants to this action. The Court finds these allegations insufficient to overcome the preclusive effect of 28 U.S.C. § 1915(g) as to the complaint in this action.

**ORDER DENYING MOTION FOR RECONSIDERATION AND OTHER POST-JUDGMENT MOTIONS -- 4**

manifest injustice in its finding that Plaintiff was precluded from proceeding *in forma paueris* and that his failure to pay the filing fee precipitated the dismissal of this action. Plaintiff's general contention that all prisoners with "heart, liver or hernia problems" are in imminent danger, ECF No. 14 at 22, without any supporting facts as to his own condition, fails to demonstrate that he was under imminent danger of serious physical injury. Again, Plaintiff avers he received emergency hernia surgery on September 16, 2016, ECF No. 14 at 3.

Plaintiff contends that because he has "RESS-PTSD," the use of pepper spray on him on June 29, 2016, created an imminent danger situation for him. ECF No. 16 at 18. Regardless of the detail with which Plaintiff wishes to describe the events of June 29, 2016, this still fails to demonstrate that Plaintiff was in imminent danger of serious physical injury when he submitted his complaint on April 11, 2016. The Court finds it appropriate to deny the Motion for Reconsideration.

## REQUEST FOR CLASS CERTIFICATION

Plaintiff seems to wish to combine each of the lawsuits he has filed this year and to pursue them as a class action. ECF No. 14 at 22. This is not possible. First, Plaintiff is precluded from proceeding *in forma pauperis* and he has not paid the full filing fee for any of the actions submitted in 2016.

Furthermore, as a prisoner proceeding *pro se,* Mr. Williams cannot "fairly and adequately protect the interests of the class," as required by Fed. R. Civ. P. 23(a)(4). *See Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (per curium) (plain error to permit imprisoned litigant, unassisted by counsel, to represent fellow inmates in a class action). Although a nonattorney may appear *pro se* on behalf of himself, he has no authority to appear as an attorney for others. *C.E. Pope Equity Trust v. United* States, 818 F.2d 696, 697 (9th Cir. 1987). Also, "[e]very court that has considered the issue has held that a prisoner proceeding *pro se* is inadequate to represent the interests of his fellow inmates in a class action."

**ORDER DENYING MOTION FOR RECONSIDERATION AND OTHER POST-JUDGMENT MOTIONS -- 5**

*Caputo v. Fauver*, 800 F. Supp. 168, 170 (D.N.J. 1992) *aff'd without op.*, 995 F.2d 216 (3rd Cir. 1993). Plaintiff is not qualified to pursue claims on behalf of other inmates or to protect their interests. Therefore, to the extent Plaintiff is asking the court to certify a plaintiff class, his request is **DENIED.**

## PLACEMENT FOLLOWING SUBMISSION OF COMPLAINT

Plaintiff appears to be asserting that he did not receive Orders sent from the Court because he was transitioning frequently between the infirmary and cell H06, following an alleged assault on May 11, 2016. ECF No. 16 at 3. According to Plaintiff, after he spit in the face of a medical provider, he was "pushed to the floor" and his head was "pressed into the concrete for 20 minutes," during which time he claims he "heard [his] skull crack three times on the left side." ECF No. 14 at 36. Plaintiff was then placed in the infirmary on suicide watch. After a week, he was returned to cell H06, but without a suicide smock, which allegedly made him suicidal and he then asked to be returned to the infirmary. ECF No. 16 at 3.

At the infirmary, Plaintiff claims other persons refused him clothing, allegedly because Plaintiff refused to drop this lawsuit. ECF No 16 at 3-4. Plaintiff claims they told him to "set [sic] in there and freeze," and he was unable to sleep for seven days due to the cold. ECF No. 16 at 4.

These allegations arose more than a month after Plaintiff submitted the complaint in this action and during a time when the Court issued no Orders directing Plaintiff to accomplish any immediate task. On July 13, 2016, the Court directed Plaintiff to "show cause" why he should not be precluded from proceeding *in forma pauperis.* ECF No. 11. Plaintiff's deadline for compliance with that Order was August 12, 2016. Plaintiff has not provided any facts to excuse his failure to meet that deadline.

Again, Plaintiff has not presented facts showing he was under "imminent danger of serious harm" when this complaint, which challenged the decisions not to provide immediate hernia surgery, was received on April 11, 2016. His assertion

**ORDER DENYING MOTION FOR RECONSIDERATION AND OTHER POST-JUDGMENT MOTIONS -- 6**

that his attorney sent him legal documents in June 2016, which "prove" that it was medical malpractice to delay hernia surgery, and which were allegedly confiscated on June 27, 2016, ECF No. 16 at 6-8, is insufficient to demonstrate that Plaintiff was under imminent danger of serious harm on April 11, 2016.

Plaintiff claims he was told that, following his hernia surgery, he would not be able to exercise "vigorously." ECF No. 14 at 22. He avers that "extreme exercise" is the only coping skill he has for PTSD and that without it, he will "surely kill [himself] someday." *Id.* Plaintiff has alleged no facts showing the prohibition of vigorous exercise is anything other than a generally prescribed medical caution given to all post-operative patients. At this juncture, a threat that Plaintiff will commit suicide someday because he is unable to do "extreme exercise," is a speculative injury entirely within Plaintiff's control.

Throughout his submissions, Plaintiff has admitted that he is placed on suicide watch when he expresses a suicidal ideation. In any event, an assertion of future speculative injury is insufficient to demonstrate that Plaintiff was under imminent danger of serious harm when he submitted his complaint. Plaintiff has failed to present facts sufficient to excuse the preclusive effects of 28 U.S.C. § 1915(g).

//
//
//
//
//
//
//
//
//
//

**ORDER DENYING MOTION FOR RECONSIDERATION AND OTHER POST-JUDGMENT MOTIONS -- 7**

Accordingly, **IT IS ORDERED THAT:**

1. Plaintiff's two part Motion for Reconsideration, ECF Nos. 14 and 16, is **DENIED**.

2. All other Motions contained in the Motion for Reconsideration, and filed subsequent to the Motion for Reconsideration, are **DENIED as moot.**

**IT IS SO ORDERED**. The Clerk of Court is directed to enter this Order. The file shall remain closed. The Court certifies any appeal of this decision would not be taken in good faith.

**DATED** this 17th day of January, 2017.



                                 Stanley A. Bastian
                              United States District Judge

**ORDER DENYING MOTION FOR RECONSIDERATION AND OTHER POST-JUDGMENT MOTIONS -- 8**